**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**DARLENE EDWARDS,**

    **Plaintiff,**

v.                                                    Case No.: 8:19-cv-03195

**WALGREEN CO.,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff DARLENE EDWARDS, by and through undersigned counsel, hereby sues WALGREEN CO. ("Defendant"), and in support of states as follows:

**NATURE OF ACTION**

1. This is an action for monetary damages pursuant to the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et. seq*. ("FMLA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's interference with Plaintiff's lawful exercise of her rights under the FMLA and Defendant's retaliation against Plaintiff for exercising or attempting to exercise her rights under the FMLA, leading to her unlawful termination.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's rights under a federal statute, the FMLA.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

5. Plaintiff is a resident of Hillsborough County, Florida and she worked for Defendant in Hillsborough County, Florida.

6. Defendant is a Foreign Profit Corporation with its principal place of business in Deerfield, Illinois.

7. Defendant operates a retail store and pharmacy in Hillsborough County, Florida.

## STATEMENT OF FACTS

8. Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the twelve (12) months preceding her request for leave under the FMLA.

9. Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

10. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

11. Plaintiff began working for Defendant in or around 1988.

12. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

13. Plaintiff suffers from rheumatoid arthritis and Defendant had knowledge of Plaintiff's medical condition.

14. On or about December 14, 2018, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for herself.

15. On or about December 15, 2018, Defendant denied Plaintiff's medical leave request.

16. On or about December 27, 2018, Plaintiff missed work due to her medical condition.

17. On or about December 28, 2018, Defendant terminated Plaintiff's employment.

18. Plaintiff exercised her rights under the FMLA by filing for and utilizing FMLA leave.

19. Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

20. Plaintiff has satisfied all conditions precedent, or they have been waived.

21. Plaintiff has retained the undersigned attorney and greed to pay him a fee.

22. Plaintiff request a jury trial for all issues so triable.

## Count I – FMLA Interference

23. All allegations prior to Count I are reallaged and incorporated herein.

24. Plaintiff requested time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected by the FMLA.

25. By terminating Plaintiff's employment for Plaintiff's FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

26. Defendant's actions were willful and done with malice.

27. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE,** Plaintiff demands:

(a) That this Court enter a judgement, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by the Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights or benefits and all benefits or, in the alternative, the entry of a judgement under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations under the FMLA;

(e) Front pay;

(f) Liquidated damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All cost and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## Count II – FMLA Retaliation

28. All allegations prior to Count I are reallaged and incorporated herein.

29. Plaintiff requested time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected by the FMLA.

30. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

31. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment.

32. Defendant's actions were willful and done with malice.

33. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE,** Plaintiff demands:

(a) That this Court enter a judgement, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by the Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights or benefits and all benefits or, in the alternative, the entry of a judgement under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations under the FMLA;

(e) Front pay;

(f) Liquidated damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All cost and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
PO Box 9447
Tampa, FL 33674-9447
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Trial Counsel for Plaintiff*